JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Solimar Betancourt and Joshua Encarnacion, Co-Administrators of the Estate of Marisol Gonzalez

**(b)** County of Residence of First Listed Plaintiff   Hartford County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Berkowitz and Hanna LLC, 2 Corporate Drive, Third Floor, Shelton, CT 06484. (203)324-7909

## DEFENDANTS
United States of America;Trinity Health of New England Corporation, Inc. d/b/a Saint Francis Hospital and Medical

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☒ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Tort Claims Act
Brief description of cause:
Medical Malpractice Tort Claim

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
10,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SOLIMAR BETANCOURT AND JOSHUA ENCARNACION, CO-ADMINISTRATORS OF THE ESTATE OF MARISOL GONZALEZ | : | CIVIL ACTION NO. |
| **Plaintiffs** | : | |
| V. | : | |
| | : | |
| UNITED STATES OF AMERICA; TRINITY HEALTH OF NEW ENGLAND CORPORATION, INC. D/B/A SAINT FRANCIS HOSPITAL AND MEDICAL CENTER; SAINT FRANCIS HOSPITAL AND MEDICAL CENTER; PRIME HEALTHCARE, P.C., BRIAN VAN LINDA, M.D.; SOHAIB JAMIL, M.D.; AND ANTHONY ZALDONIS, M.D. | : | |
| **Defendants** | : | SEPTEMBER 30, 2021 |

## COMPLAINT

## JURISDICTION AND VENUE

1.      This action against the Defendant United States of America arises under the Federal Tort Claims Act 28 U.S.C. §§2671 *et seq* and § 28 U.S.C. §1346(b).

2.      This Court has jurisdiction pursuant to the Federal Tort Claims Act 28 U.S.C. §§2671 *et seq* and § 28 U.S.C. §1346(b) and 42 U.S.C. § 233 (Federally Supported Health Centers Assistance Act, "FSHCAA").

3.      Venue is proper in this Court under § 28 U.S.C. § 1402(b) because the events giving rise to the claims occurred in the District of Connecticut, the decedent lives in Connecticut, the decedent's estate is opened in Connecticut, and the United States is a defendant.

4.      This Court is vested with jurisdiction against the defendants, Trinity Health of New England Corporation, Inc. d/b/a Saint Francis Hospital and Medical Center, Saint Francis Hospital and Medical Center, Prime Healthcare, P.C., Brian Van Linda, M.D., Sohaib Jamil, M.D., and Anthony Zaldonis, M.D., pursuant to U.S.C. § 1367 ("Supplemental jurisdiction") in that the claims against these defendants, as more particularly set forth herein, are so related to claims in the action brought against the United States of America pursuant to 28 U.S.C. sections 2671 through 2680 (" Federal Tort Claims Act") that they form part of the same case or controversy under Article III of the United States Constitution.

5.      The Defendants are subject to jurisdiction in this Court since a substantial part of the events and omissions giving rise to this action accrued in this district.

6.      On or about March 22, 2021, the Plaintiffs, Solimar Betancourt and Joshua Encarnacion, Co-Administrators of the Estate of Marisol Gonzalez, timely filed a Form 95 with Exhibits with the United States Department of Health and Human Services (See Exhibit A—Form 95, without medical documentation).

7.      The Defendant, the United States of America, has not responded to the Form 95 filed by the Plaintiffs. As such, the failure to respond has been deemed a denial under 28 USC §2675(a).

8.      The Plaintiffs have exhausted their administrative remedies under the Federal Torts Claim Act, 28 USC §2675.

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

9.    Pursuant to Section 52-190a(b) of the Connecticut General Statutes, a Petition for Extension of Statute of Limitations was filed with the Superior Court of Hartford at Hartford and granted on February 18, 2021, a copy of which is attached hereto as Exhibit B.

## NATURE OF THE CASE

10.    This is a wrongful death medical malpractice action for monetary damages sustained by the plaintiff decedent by virtue of the medical malpractice of the defendants.

## PARTIES

11.    On or about January 27, 2021, the plaintiffs, Solimar Betancourt and Joshua Encarnacion, were duly appointed as Co-Administrators of the Estate of Marisol Gonzalez, in the Court of Probate, District of Greater Manchester, State of Connecticut. Marisol Gonzalez died on October 6, 2019.

12.    At all times mentioned herein, the plaintiff decedent, Marisol Gonzalez, was a resident of Manchester, Connecticut.

13.    At all times mentioned herein, the defendant, United States of America, through its agency, the Department of Health and Human Services, established the First Choice Healthcare Centers, Inc. (hereinafter referred to as "First Choice Healthcare Centers") to provide integrated health care services addressing the social and economic barriers to wellness and healthy living.

14.    At all times mentioned herein, the defendant, United States of America, by way of the Department of Health and Human Services, operated the First Choice Healthcare Centers, with medical offices located in East Hartford, Manchester and Vernon, in Connecticut, that were

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

and are community health centers providing outpatient health care services, including, but not limited to, primary care services, to the underserved population comprised of migratory and seasonal agricultural workers, the homeless, and residents of public housing.

15.     At all times mentioned herein, the defendant, the United States of America, was acting through its agents, apparent agents, servants, and/or employees, including, but not limited to, its medical directors, primary care physicians, and primary care physician assistants, who provided outpatient primary care and treatment to the plaintiff decedent, Marisol Gonzalez, at the First Choice Healthcare Centers located in the Towns of East Hartford, Manchester and Vernon, Connecticut.

16.     At all times mentioned herein, First Choice Health Centers, Inc. was and is a Health Center Program grantee under 42 U.S.C. 254b and a deemed Public Health Service employee under 42 U.S.C. 233(g)-(n). This facility is covered by the FTCA.

17.     At all times mentioned herein, Sara Cox, P.A., Debra Losey, P.A., Francis Martin, P.A., and Vasanth Kainkaryam, M.D. were all acting within the scope of their employment as medical providers as agents, apparent agents, servants and/or employees of First Choice Healthcare Centers.

18.     At all times relevant to this action, the defendant, Trinity Health of New England Corporation, Inc. d/b/a Saint Francis Hospital and Medical Center (hereinafter referred to as Saint Francis Hospital and Medical Center), was and is a corporation existing under the laws of the State of Connecticut, operating a hospital in the City of Hartford, Connecticut which provided medical care to individuals including the plaintiff-decedent.

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 334-7909
JURIS NUMBER 412801

4

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

19.     At all times relevant to this action, the defendant, Saint Francis Hospital and Medical Center, was and is a corporation existing under the laws of the State of Connecticut, operating a hospital in the City of Hartford, Connecticut which provided medical care to individuals including the plaintiff-decedent.

20.     At all times relevant to this action, Brian Van Linda, M.D., Sohaib Jamil, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C, were all acting as medical providers as agents, apparent agents, servants, and/or employees of Saint Francis Hospital and Medical Center.

21.     At all times relevant to this action, the defendant, Prime Healthcare, P.C., was and is a professional corporation existing under the laws of the State of Connecticut, providing comprehensive health care throughout various locations in Connecticut, including, but not limited to, the Towns of South Windsor, Avon, Enfield, and Wethersfield, to individuals including the plaintiff-decedent.

22.     At all times relevant to this action, Brian Van Linda, M.D., Sohaib Jamil, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C, were all acting within the scope of their employment as medical providers as agents, apparent agents, servants, and/or employees of Prime Healthcare, P.C.

23.     At all times relevant to this action, the defendant, Brian Van Linda, M.D., was a physician specializing and practicing in the field of gastroenterology and internal medicine, duly licensed to practice medicine in the State of Connecticut, and held himself out to the public and to the plaintiff decedent as possessing and utilizing the proper degree of skill and learning to

5

render services in accordance with the standard of care required of a board certified gastroenterologist and internal medicine physician.

24.     At all times relevant to this action, the defendant, Sohaib Jamil, M.D., was a physician specializing and practicing in the field of gastroenterology and internal medicine, duly licensed to practice medicine in the State of Connecticut, and held himself out to the public and to the plaintiff decedent as possessing and utilizing the proper degree of skill and learning to render services in accordance with the standard of care required of a board certified gastroenterologist and internal medicine physician.

25.     At all times relevant to this action, the defendant, Anthony Zaldonis, M.D., was a physician specializing and practicing in the field of gastroenterology and internal medicine, duly licensed to practice medicine in the State of Connecticut, and held himself out to the public and to the plaintiff decedent as possessing and utilizing the proper degree of skill and learning to render services in accordance with the standard of care required of a board certified gastroenterologist and internal medicine physician.

**FACTUAL BACKGROUND**

26.     The plaintiff decedent, Marisol Gonzalez, began treating with the defendant First Choice Healthcare Centers on or about April 22, 2014, at the age of 43, for primary care health services. The United States, through First Choice Healthcare Centers, held itself out as a Health Center that rendered comprehensive primary care to patients in the community.

27.     The plaintiff decedent, Marisol Gonzalez, had a prior medical history of a Roux-en-Y gastric bypass procedure in 2009 for management of her morbid obesity. Following said

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

surgery, the plaintiff decedent required monitoring for her nutritional status throughout her life up through her death on or about October 6, 2019.

28.     On or about April 1, 2016, the plaintiff decedent, Marisol Gonzalez, underwent surgery for a small bowel obstruction requiring a 35 cm resection of her small bowel. Following said surgery, the plaintiff decedent required monitoring of her nutritional status throughout her life up through her death on or about October 6, 2019.

29.     Between April 1, 2016 through January 2019, the plaintiff decedent, Marisol Gonzalez, received follow up care and treatment, from a number of medical providers.

30.     At First Choice Healthcare Centers, the plaintiff decedent, Marisol Gonzalez, was under the care and treatment of its agents, apparent agents, servants, and/or employees, including, but not limited to, its medical directors, primary care physicians, and primary care physician assistants, including, but not limited to, Vasanth Kainkaryam, M.D., Sara Cox, PA, Debra Losey, PA, and Francis Martin, PA, for primary health care and treatment. Said health care and treatment included, but was not limited to, routine wellness visits, acute sick visits, and monitoring and management of her nutrition status following her prior medical history of bariatric surgery and small bowel resection.

31.     Between on or about January of 2019 through on or about October of 2019, the plaintiff decedent, Marisol Gonzalez, presented to First Choice Healthcare Centers, with signs and/or symptoms consistent with malnutrition and/or malnourishment, including, but not limited to, iron deficiency anemia, body aches, bilateral lower extremity swelling and edema, vitamin D insufficiency, weight loss and poor appetite.

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

32.     Throughout 2019, Ms. Gonzalez presented to First Choice Healthcare Centers for treatment on or about the following dates: January 10, 2019; February 5, 2019; February 22, 2019; April 1, 2019; April 15, 2019; April 30, 2019; May 20, 2019; July 9, 2019; August 6, 2019; August 27, 2019; and October 2, 2019.

33.     On or about May 2, 2019, the plaintiff decedent, Marisol Gonzalez, presented to the defendant, Saint Francis Hospital and Medical Center's emergency department with signs and symptoms consistent with malnutrition and/or malnourishment, including, but not limited to, bilateral lower extremity edema, generalized edema, difficulty speaking with dyspnea, poor diet, intermittent nausea, vomiting, shortness of breath, and six weeks of postprandial watery diarrhea after every meal, which had progressively worsened over the last eight (8) weeks, including a fourteen pound (14 lb.) weight gain. In addition, it was noted that the plaintiff decedent had a history of chronic diarrhea, with up to 12 bowel movements per day, since her small bowel resection surgery in 2016.

34.     The plaintiff decedent was subsequently admitted to said defendant hospital for further evaluation and treatment, and came under the care and treatment of the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants, and/or employees, including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Brian Van Linda, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C.

35.     During said admission, the plaintiff decedent additionally came under the care and treatment of the defendant, Prime Healthcare, P.C., through its agents, apparent agents, servants,

8

and/or employees, including, but not limited to, its gastroenterologists, and gastroenterology physician assistants, including, but not limited to, Brian Van Linda, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C.

36.     During said hospital admission, it was noted that the plaintiff decedent's symptoms were that of malnutrition likely due to malabsorption, likely related to prior surgery, and that the plaintiff decedent's low albumin level was suspicious for poor digestion/absorption. In addition, a tissue transglutaminase antibody test, a 24 hour fecal fat test, and pancreatic elastase test were ordered.

37.     In addition, said defendant hospital's nutrition team recommended that the plaintiff decedent consume a high-protein diet and take protein supplements due to the concern for protein losing enteropathy.

38.     During said hospitalization, the plaintiff decedent was diagnosed with worsening lower extremity edema in the setting of diffuse anasarca, diffuse anasarca-likely secondary to hypoalbuminemia, postsurgical malabsorption, unspecified protein calorie malnutrition, shortness of breath with exertion, mild transaminitis, and sinus tachycardia. The differential diagnosis included short gut syndrome, occult pancreatic insufficiency, celiac disease, and small bowel bacterial overgrowth.

39.     Said plaintiff decedent remained at said defendant hospital through her discharge on or about May 6, 2019. The results of the tissue transglutaminase antibody test, 24 hour fecal fat test, and pancreatic elastase test were still pending at the time of discharge. She was discharged home and advised to follow up with her bariatric surgeon and gastroenterologist for

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

diffuse anasarca and hypoalbuminemia which was concerning for protein losing enteropathy/short gut syndrome of bacterial overgrowth. The plaintiff decedent followed up with her bariatric surgeon on or about May 8, 2019.

40.   On or about May 13, 2019, the plaintiff decedent, Marisol Gonzalez, returned to the defendant, Saint Francis Hospital and Medical Center's emergency department, with continued worsening signs and/or symptoms consistent with malnutrition and/or malnourishment, including, but not limited to, edema, nausea, vomiting, diarrhea, palpitations, sinus tachycardia, and an additional four pound (4 lb.) weight gain.

41.   The plaintiff decedent was admitted for further evaluation and treatment, and came under the care and treatment of the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants, and/or employees, including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Hoo-Ching Wong, PA-C.

42.   During said May 13th admission, the plaintiff decedent additionally came under the care and treatment of the defendant, Prime Healthcare, P.C. through its agents, apparent agents, servants, and/or employees, including, but not limited to, its gastroenterology physician assistants, including, but not limited to, Hoo-Ching Wong, PA-C.

43.   During said May 13th admission, the plaintiff decedent underwent multiple metabolic panel and lipid panel laboratory tests which revealed the same results as in the prior May 2, 2019 admission. The defendant providers started the plaintiff decedent on a high protein diet with protein supplements, prescribed Rifaximin for bacterial overgrowth, and prescribed

Creon for pancreatic insufficiency. Results from the May 2, 2019 defendant hospital admission's 24-hour fecal fat collection test were noted to be elevated and the pancreatic elastase revealed severe pancreatic insufficiency.

44.     At said May 13th admission, the plaintiff decedent was diagnosed with pancreatic insufficiency, sinus tachycardia, mild intermittent asthma without complication, history of Roux-en-Y gastric bypass, shortness of breath, protein malnutrition, steatorrhea and hypoalbuminemia.

45.     The plaintiff decedent remained at said defendant hospital through her discharge on or about May 15, 2019. She was discharged and advised to follow a low sodium/high protein diet, and to follow up with bariatric surgery in one week, her primary care physician in one week, and her gastroenterologist.

46.     On or about May 20, 2019, the decedent, Ms. Gonzalez, followed up with her primary care provider and presented to First Choice Healthcare Centers, and came under the care of its agent, apparent agent, servant and/or employee, Debra Losey, PA. PA Losey reviewed the plaintiff decedent's hospital course, including instructions to eat a high protein diet, and the diagnoses of pancreatic insufficiency and protein malnutrition secondary to gastric bypass and short bowel resection. PA Losey treated the decedent with antibiotics for walking pneumonia.

47.     On or about June 24, 2019, the plaintiff decedent returned once again to the defendant, Saint Francis Hospital and Medical Center's emergency department, with continued worsening signs and symptoms consistent with malnutrition and/or malnourishment, including,

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

11

but not limited to, bilateral leg pain and swelling, a rash on the right thigh, a right calf wound which was exuding yellow fluid, and shortness of breath on exertion. In addition, the plaintiff decedent was tachycardic and hypotensive.

48.     The plaintiff decedent was subsequently admitted to said defendant hospital for further evaluation, monitoring and management, and came under the care and treatment of the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants, and/or employees, including, but not limited to, its registered dietitian nutritionists.

49.     On physical examination, it was noted that the plaintiff decedent had significant erythema to her right lower extremity, tenderness in the thigh, and a skin abrasion on the lower part of the anterior of the leg, as well as multiple functional impairments, including, but not limited to, decreased strength and mobility, decreased range of motion, and decreased balance.

50.     During the June 24th hospital admission, the plaintiff decedent was diagnosed with severe sepsis secondary to right leg cellulitis and treated with antibiotics.

51.     During the June 24th hospital admission, the hospital's nutrition team evaluated the plaintiff decedent due to hypoalbuminemia. The defendant hospital's registered dietician recommended that the plaintiff decedent continue her current diet order as tolerated and encouraged oral intake. Additionally, the registered dietician recommended a bowel regimen as needed, and an oral vitamin regimen of a multivitamin with iron twice a day, calcium nitrate, Vitamin B12 and thiamine daily.

52.     The plaintiff decedent remained at said defendant hospital through her discharge on or about June 28, 2019. She was discharged home and advised to follow up with her primary

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON. CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

care physician in one week regarding her nutrition status and nutrition labs for albumin/thiamine, vitamin B12 and vitamin K.

53.     On or about July 9, 2019, the decedent, Ms. Gonzalez, followed up with her primary care provider and presented to First Choice Healthcare Centers, and came under the care of its agent, apparent agent, servant and/or employee, Francis Martin, PA. PA Martin noted that the reason for the visit was ED follow up and noted the plaintiff decedent's history of decreased protein. PA Martin assessed and treated the plaintiff decedent for pedal edema.

54.     On or about July 25, 2019, the plaintiff decedent returned once again to the defendant, Saint Francis Hospital and Medical Center's emergency department with continued worsening signs and symptoms consistent with malnutrition and/or malnourishment, including but not limited to, pain and weakness in her bilateral lower extremities, speech difficulties, frequent soft stools, shortness of breath, profound fatigue, and a fever of 103.5.  In addition, the plaintiff decedent was tachycardic and hypotensive.

55.     The plaintiff decedent was immediately transferred to the defendant hospital's medical intensive care unit (MICU) in critical condition, and came under the care and treatment of the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants, and/or employees, including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Sohaib Jamil, M.D. and Hoo-Ching Wong, PA-C.

56.     During said admission, the plaintiff decedent additionally came under the care and treatment of the defendant, Prime Healthcare, P.C., through its agents, apparent agents, servants,

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

13

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

and/or employees, including, but not limited to, its gastroenterologists, and gastroenterology physician assistants, including, but not limited to, Sohaib Jamil, M.D., and Hoo-Ching Wong, PA-C.

57.      During said inpatient admission, the plaintiff decedent underwent diagnostic imaging including a CT of the abdomen and pelvis which revealed pancolitis, an EKG, a CT of the head, and a chest x-ray which was concerning for pneumonia. Laboratory tests revealed low albumin, low hemoglobin levels, low magnesium, low calcium levels, and elevated INR levels. Additionally, it was noted that her appetite was poor with difficulty getting food to her mouth, often dropping it, and poor oral intake.

58.      Said defendant hospital's nutrition team recommended that the plaintiff consume greater than 50% of meals and start nutritional supplements. It was noted that the plaintiff decedent's oral intake was poor but providers note that she was progressing towards her goal.

59.      On physical examination, it was noted that the plaintiff decedent had significant 3+ pitting edema in her bilateral lower extremities, abdomen, and bilateral upper extremities, a Stage 1 decubitus ulcer, abdominal distention, dyspnea on exertion, and pain with ambulating. She was drowsy and unable to answer questions appropriately.

60.      The plaintiff decedent was diagnosed with sepsis, metabolic encephalopathy, pneumonia, acute respiratory failure, disorder of urea cycle metabolism, acidosis, vascular disorders of the intestine, ischemic heart disease, acute kidney failure, intestinal malabsorption,

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

anemia, dehydration, fluid overload, migraine headache, and chronic pain. Further, the decedent was noted to have septic shock likely secondary to pancolitis with a differential diagnosis of infectious colitis vs inflammatory colitis.

61.     The plaintiff decedent remained at said defendant hospital through her discharge on or about August 3, 2019. She was discharged home and advised to follow up with her primary care physician, and her gastroenterologist with instructions to follow up for fatty liver and pancolitis.

62.     On or about August 6, 2019, the decedent, Ms. Gonzalez, followed up with her primary care provider and presented to First Choice Healthcare Centers, and came under the care of its agent, apparent agent, servant and/or employee, Francis Martin, PA. PA Martin noted that the reason for the visit was for follow up and noted the plaintiff decedent's hospital course of pneumonia and pancolitis. PA Martin assessed and treated the decedent for pedal edema.

63.     On or about August 27, 2019, the decedent, Ms. Gonzalez, followed up with her primary care provider, First Choice Healthcare Centers, and came under the care of its agent, apparent agent, servant and/or employee, Francis Martin, PA. At this visit Ms. Gonzalez complained of feeling tired and presented with complaints of back and knee pain, leg numbness, and slight tingles. PA Martin assessed the plaintiff decedent for Vitamin D insufficiency and Vitamin B12 deficiency, he noted that he would obtain labs to check vitamin levels, and noted that he would phone the plaintiff for medications based on the results.

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

64.     On or about October 2, 2019, the decedent, Ms. Gonzalez, presented to defendant, First Choice Healthcare Centers, and came under the care of its agent, apparent agent, servant and/or employee, Francis Martin, PA, with complaints of rash on her back, legs and arms, coughing with white mucus, vomiting when coughing, and a fever. The plaintiff decedent was febrile, underweight, hypotensive and tachycardic.

65.     PA Martin diagnosed the plaintiff decedent with tinea corporis and acute bronchitis, and prescribed an antibiotic/steroid cream and a cough suppressant. He advised her to follow up in one week, and to call if her condition worsened.

66.     Two days later, on or about October 6, 2019, the co-administrator, Joshua Encarnacion, found his mother, the plaintiff decedent, cold to the touch sitting in a recliner chair in the corner of the living room in their home. 911 was called and at approximately 11:27 a.m., a police officer arrived and found the plaintiff decedent not breathing and cold to the touch with no pulse.

67.     Upon arrival of EMS staff, no resuscitation efforts were made due to obvious death, and the plaintiff decedent was pronounced dead at 11:43 a.m. The plaintiff decedent's autopsy found the cause of death to be from acute bronchopneumonia complicating hypoalbuminemia of undetermined etiology.

**FIRST COUNT: (United States of America)**

1-67.   The plaintiffs hereby incorporate Paragraphs One through Sixty Seven of the Complaint and re-allege Paragraphs One through Sixty Seven of this the First Count.

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412601

68.     The plaintiffs, Solimar Betancourt and Joshua Encarnacion, Co-Administrators of the Estate of Marisol Gonzalez, presented the claim that is the subject of this lawsuit to the United States Department of Health and Human Services on March 22, 2021.

69.     The Department of Health and Human Services' 180 day period has expired pursuant to Standard Form 95 and 28 U.S.C. §2675 of the Federal Tort Claims Act. See Exhibit A.

70.     The plaintiffs, Solimar Betancourt and Joshua Encarnacion, Co-Administrators of the Estate of Marisol Gonzalez, commenced this lawsuit within six months of the expiration of the six month time period and constructive denial pursuant to Federal Tort Claims Act and Standard Form 95.

71.     The fatal injuries suffered by the plaintiff decedent, Marisol Gonzalez, were caused by defendant, United States of America, in that the defendant, United States of America, through its agents, apparent agents, servants and/or employees, including, but not limited to, its medical director, primary care physicians, and primary care physician assistants, including, but not limited to, Vasanth Kainkaryam, M.D., Debra Losey, P.A., Sara Cox, P.A., and Francis Martin, PA, at First Choice Healthcare Centers, failed to exercise reasonable care under all of the circumstances then and there present, for reasons including, but not limited to:

(a)     failing to diagnose and/or treat the plaintiff decedent, Marisol Gonzalez's malnutrition and/or malnourishment between on or about January 2019 through on or about October 2, 2019;

(b)     failing to refer the plaintiff decedent to the appropriate providers for work-up and follow-up of her malnutrition and/or malnourishment between on or about January 2019 through on or about October 2, 2019;

(c)     failing to recommend intravenous nutrition for the plaintiff decedent's malnutrition and/or malnourishment despite signs and/or symptoms consistent with malnutrition and/or malnourishment, between on or about January 2019 through on or about October 2, 2019;

(d)     failing to order intravenous nutrition for the plaintiff decedent's malnutrition and/or malnourishment despite signs and/or symptoms consistent with malnutrition and/or malnourishment, between on or about January 2019 through on or about October 2, 2019;

(e)     failing to review and/or improperly interpret the plaintiff decedent's laboratory tests and fecal test between on or about January 2019 through on or about October 2, 2019;

(f)     failing to order appropriate laboratory work for the plaintiff decedent between on or about January 2019 through on or about October 2, 2019;

(g)     failing to consider the diagnosis of a micronutrient or vitamin deficiency despite signs and/or symptoms consistent with malnutrition and/or malnourishment;

(h)     failing to order appropriate work-up for the significant weight loss the plaintiff decedent suffered from in the last six (6) months of her life between on or about May 2019 through on or about October 2, 2019;

(i)     failing to order appropriate laboratory tests for the plaintiff decedent's malnutrition between on or about January 2019 through on or about October 2, 2019;

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

(j)    failing to co-manage the plaintiff decedent with other specialists between on or about January 2019 through on or about October 2, 2019;

(k)    failing to communicate with the supervising primary care physician regarding the plaintiff decedent's serious malnutrition and medical history between on or about January 2019 through on or about October 2, 2019;

(l)    failing to order a gastroenterologist consult for the plaintiff decedent despite malnutrition, pancreatic insufficiency, and weight loss;

(m)    failing to communicate with the other consultants and/or hospital medical providers concerning the plaintiff decedent's worsening medical condition;

(n)    failing to order and/or prescribe intravenous vitamin supplementation;

(o)    failing to diagnose that the plaintiff decedent had a thiamine deficiency requiring micronutrient supplementation;

(p)    failing to diagnose the plaintiff decedent with a respiratory infection on or about October 2, 2019;

(q)    failing to send the plaintiff decedent to the hospital on or about October 2, 2019;

(r)    failing to order an imaging study of the plaintiff decedent's lungs on or about October 2, 2019;

(s)    failing to determine that the plaintiff decedent had abnormal vital signs consistent with an infection on or about October 2, 2019;

(t)    failing to order broad spectrum antibiotics on or about October 2, 2019;

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON. CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

(u)    failing to co-manage the plaintiff decedent's care and treatment with the plaintiff

decedent's other medical providers between on or about January 2019 through on or about

October 2, 2019;

(v)    failing to diagnose the plaintiff decedent with pneumonia on or about October 2,

2019;

(w)    failing to become trained and/or knowledgeable regarding the signs and

symptoms of an upper respiratory infection including, but not limited to, tachycardia,

hypotension, cough, and temperature;

(x)    improperly sending the plaintiff home despite the signs/symptoms of an upper

respiratory infection on or about October 2, 2019;

(y)    failing to admit the patient to the hospital for work-up and treatment of her

suspected acute upper respiratory infection on or about October 2, 2019;

(z)    failing to properly and thoroughly document in the plaintiff decedent's chart;

(aa)    failing to collaborate the plaintiff decedent's care and treatment with plaintiff

decedent's other medical providers; and

(bb)    failing to provide the plaintiff decedent with a continuity of medical care.

72.    As a result of the carelessness and negligence of the defendant, United States of

America, through its agents, apparent agents, servants and/or employees, including, but not

limited to, its medical director, primary care physicians, primary care physician assistants,

including, but not limited to, Vasanth Kainkaryam, M.D., Debra Losey, P.A., Sara Cox, P.A.,

and Francis Martin, PA, at First Choice Healthcare Centers, on or about October 6, 2019, the

plaintiff, Joshua Encarnacion, found his mother, the plaintiff decedent, cold to the touch sitting in a recliner chair in the corner of the living room in their home. 911 was called and at approximately 11:27 a.m., a police officer arrived and found the plaintiff decedent not breathing and cold to the touch, with pale skin and no pulse. Upon arrival of EMS staff, no resuscitation efforts were made due to obvious death, and the plaintiff decedent was pronounced dead at 11:43 a.m. The plaintiff decedent's autopsy found the cause of death to be from acute bronchopneumonia complicating hypoalbuminemia of undetermined etiology.

73.     As a further result of the carelessness and negligence of the defendant, United States of America, through its agents, apparent agents, servants and/or employees, including, but not limited to, its medical director, primary care physicians, primary care physician assistants, including, but not limited to, Vasanth Kainkaryam, M.D., Debra Losey, P.A., Sara Cox, P.A., and Francis Martin, PA, at First Choice Healthcare Centers, the plaintiff decedent, Marisol Gonzalez, was required to expend considerable sums of money for hospitalizations, MRI, CT scans and other imaging studies, surgery, anesthesia, medical care and treatment, and medications all to her financial loss.

74.     As a further result of the carelessness and negligence of the defendant, United States of America, through its agents, apparent agents, servants and/or employees, including, but not limited to, its medical director, primary care physicians, primary care physician assistants, including, but not limited to, Vasanth Kainkaryam, M.D., Debra Losey, P.A., Sara Cox, P.A., and Francis Martin, PA, at First Choice Healthcare Centers, the plaintiff decedent, Marisol Gonzalez, experienced great physical and emotional pain and suffering prior to her death.

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412601

21

75.    As a further result of the carelessness and negligence of the defendant, United States of America, through its agents, apparent agents, servants and/or employees, including, but not limited to, its medical director, primary care physicians, primary care physician assistants, including, but not limited to, Vasanth Kainkaryam, M.D., Debra Losey, P.A., Sara Cox, P.A., and Francis Martin, PA, at First Choice Healthcare Centers, the plaintiff decedent, Marisol Gonzalez, incurred expenses for medical care and treatment all to her financial loss prior to her death.

76.    As a further result of the carelessness and negligence of the defendant, United States of America, through its agents, apparent agents, servants and/or employees, including, but not limited to, its medical director, primary care physicians, primary care physician assistants, including, but not limited to, Vasanth Kainkaryam, M.D., Debra Losey, P.A., Sara Cox, P.A., and Francis Martin, PA, at First Choice Healthcare Centers, the ability of the plaintiff decedent, Marisol Gonzalez, to carry on and enjoy life's activities has been destroyed.

77.    As a further result of the carelessness and negligence of the defendant, United States of America, through its agents, apparent agents, servants and/or employees, including, but not limited to, its medical director, primary care physicians, primary care physician assistants, including, but not limited to, Vasanth Kainkaryam, M.D., and Francis Martin, PA, at First Choice Healthcare Centers, funeral and burial expenses were incurred on behalf of the plaintiff decedent, Marisol Gonzalez.

78.    Pursuant to Section 52-190a(b) of the Connecticut General Statutes, a Petition for Extension of Statute of Limitations was filed with the court and granted on February 18, 2021, a copy of which is attached hereto.

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

22

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

**SECOND COUNT: (Trinity Health of New England Corporation, Inc. d/b/a Saint Francis Hospital and Medical Center)**

1-67.     The plaintiffs hereby incorporate Paragraphs One through Sixty Seven of the First Count and re-allege Paragraphs One through Sixty Seven of this the Second Count.

68.     The fatal injuries suffered by the plaintiff decedent, Marisol Gonzalez, were caused by the defendant, Saint Francis Hospital and Medical Center, in that the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants and/or employees, including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C, failed to exercise reasonable care under all of the circumstances then and there present, for reasons including, but not limited to:

(a)     failing to diagnose and/or treat the plaintiff decedent, Marisol Gonzalez's malnutrition and/or malnourishment, and/or malabsorption during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(b)     failing to follow up with the plaintiff decedent, Marisol Gonzalez, on an outpatient basis despite the signs and symptoms of malnutrition and/or malnourishment;

(c)     failing to recommend intravenous nutrition for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

23

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

(d)    failing to order intravenous nutrition for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(e)    failing to review and/or properly interpret the plaintiff decedent's laboratory tests and fecal test during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(f)    failing to order appropriate laboratory work for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(g)    failing to consider the diagnosis of a micronutrient or vitamin deficiency despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(h)    failing to diagnose that the plaintiff decedent had a thiamine deficiency requiring micronutrient supplementation;

(i)    failing to order appropriate work-up for the significant weight loss the plaintiff decedent suffered from in the last six (6) months of her life despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during any of the

24

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(j)      failing to monitor the plaintiff decedent's nutrition during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(k)      failing to recognize that the plaintiff decedent was not able to sustain herself with an oral diet during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(l)      failing to modify the plaintiff decedent's nutrition management plan during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(m)      failing to offer nutritional therapy during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(n)      failing to order, recommend, and administer vitamins and/or trace mineral supplementation and/or pancreatic enzyme supplements during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(o)      failing to order and administer intravenous micronutrient therapy;

(p)      improperly discharging the plaintiff decedent from said defendant hospital despite unstable vital signs and/or no improvement in the plaintiff decedent's nutrition;

(q)      failing to diagnose the plaintiff decedent with a thiamine deficiency during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

25

(r)     failing to appreciate that the plaintiff decedent's nutritional deficiencies caused an increased risk of systemic infection and a compromised immune system;

(s)     failing to promulgate, enforce, and/or follow rules, regulations, and/or protocols pertaining to nutrition management;

(t)     failing to promulgate, enforce, and/or follow rules, regulations, and/or protocols pertaining to nutrition monitoring and management for patients following bariatric surgery;

(u)     failing to co-manage the plaintiff decedent's care and treatment with the plaintiff decedent's other medical providers during the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(v)     failing to properly and thoroughly document in the plaintiff decedent's chart during the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(w)     failing to collaborate the plaintiff decedent's care and treatment with plaintiff decedent's other medical providers during the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(x)     failing to request a gastrointestinal consult during the plaintiff decedent's June 24, 2019 hospital admission; and

(y)     failing to provide the plaintiff decedent with a continuity of medical care during the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions.

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

26

69.     As a result of the carelessness and negligence of the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants and/or employees, including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C, on or about October 6, 2019, the plaintiff, Joshua Encarnacion, found his mother, the plaintiff decedent, Marisol Gonzalez, cold to the touch sitting in a recliner chair in the corner of the living room in their home. 911 was called and at approximately 11:27 a.m., a police officer arrived and found the plaintiff decedent not breathing and cold to the touch, with pale skin and no pulse. Upon arrival of EMS staff, no resuscitation efforts were made due to obvious death, and the plaintiff decedent was pronounced dead at 11:43 a.m. The plaintiff decedent's autopsy found the cause of death to be from acute bronchopneumonia complicating hypoalbuminemia of undetermined etiology.

70.     As a further result of the carelessness and negligence of the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants and/or employees, including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C, the plaintiff decedent, Marisol Gonzalez, was required to expend considerable sums of money for hospitalizations, biopsies, MRI, CT scans and other imaging studies, surgery, anesthesia, medical care and treatment, and medications all to her financial loss.

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412601

71.     As a further result of the carelessness and negligence of the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants and/or employees, including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C, the plaintiff decedent, Marisol Gonzalez, experienced great physical and emotional pain and suffering prior to her death.

72.     As a further result of the carelessness and negligence of the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants and/or employees, including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C, the plaintiff decedent, Marisol Gonzalez, incurred expenses for medical care and treatment all to her financial loss prior to her death.

73.     As a further result of the carelessness and negligence of the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants and/or employees, including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C, the ability of the plaintiff decedent, Marisol Gonzalez, to carry on and enjoy life's activities has been destroyed.

74.     As a further result of the carelessness and negligence of the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants and/or employees,

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C, funeral and burial expenses were incurred on behalf of the plaintiff decedent, Marisol Gonzalez.

75.     Pursuant to Section 52-190a (b) of the Connecticut General Statutes, a Petition for Extension of Statute of Limitations was filed with the court and granted on February 18, 2021, a copy of which is attached hereto as Exhibit B.

**THIRD COUNT: (Saint Francis Hospital and Medical Center)**

1-67.     The plaintiffs hereby incorporate Paragraphs One through Sixty Seven of the First Count and re-allege Paragraphs One through Sixty Seven of this the Third Count.

68.     The fatal injuries suffered by the plaintiff decedent, Marisol Gonzalez, were caused by the defendant, Saint Francis Hospital and Medical Center, in that the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants and/or employees, including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C, failed to exercise reasonable care under all of the circumstances then and there present, for reasons including, but not limited to:

(a)     failing to diagnose and/or treat the plaintiff decedent, Marisol Gonzalez's malnutrition and/or malnourishment, and/or malabsorption during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

(b)      failing to follow up with the plaintiff decedent, Marisol Gonzalez, on an outpatient basis despite the signs and symptoms of malnutrition and/or malnourishment;

(c)      failing to recommend intravenous nutrition for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(d)      failing to order intravenous nutrition for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(e)      failing to review and/or properly interpret the plaintiff decedent's laboratory tests and fecal test during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(f)      failing to order appropriate laboratory work for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(g)      failing to consider the diagnosis of a micronutrient or vitamin deficiency despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412601

30

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

(h)    failing to diagnose that the plaintiff decedent had a thiamine deficiency requiring micronutrient supplementation;

(i)    failing to order appropriate work-up for the significant weight loss the plaintiff decedent suffered from in the last six (6) months of her life despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(j)    failing to monitor the plaintiff decedent's nutrition during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(k)    failing to recognize that the plaintiff decedent was not able to sustain herself with an oral diet during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(l)    failing to modify the plaintiff decedent's nutrition management plan during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(m)    failing to offer nutritional therapy during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(n)    failing to order, recommend, and administer vitamins and/or trace mineral supplementation and/or pancreatic enzyme supplements during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(o)    failing to order and administer intravenous micronutrient therapy;

31

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

(p) improperly discharging the plaintiff decedent from said defendant hospital despite unstable vital signs and/or no improvement in the plaintiff decedent's nutrition;

(q) failing to diagnose the plaintiff decedent with a thiamine deficiency during any of the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(r) failing to appreciate that the plaintiff decedent's nutritional deficiencies caused an increased risk of systemic infection and a compromised immune system;

(s) failing to promulgate, enforce, and/or follow rules, regulations, and/or protocols pertaining to nutrition management;

(t) failing to promulgate, enforce, and/or follow rules, regulations, and/or protocols pertaining to nutrition monitoring and management for patients following bariatric surgery;

(u) failing to co-manage the plaintiff decedent's care and treatment with the plaintiff decedent's other medical providers during the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(v) failing to properly and thoroughly document in the plaintiff decedent's chart during the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

(w) failing to collaborate the plaintiff decedent's care and treatment with plaintiff decedent's other medical providers during the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions;

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

(x)     failing to request a gastrointestinal consult during the plaintiff decedent's June 24, 2019 hospital admission; and

(y)     failing to provide the plaintiff decedent with a continuity of medical care during the plaintiff decedent's May 2, 2019, May 13, 2019, June 24, 2019 and July 25, 2019 hospital admissions.

69.     As a result of the carelessness and negligence of the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants and/or employees, including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C, on or about October 6, 2019, the plaintiff, Joshua Encarnacion, found his mother, the plaintiff decedent, Marisol Gonzalez, cold to the touch sitting in a recliner chair in the corner of the living room in their home. 911 was called and at approximately 11:27 a.m., a police officer arrived and found the plaintiff decedent not breathing and cold to the touch, with pale skin and no pulse. Upon arrival of EMS staff, no resuscitation efforts were made due to obvious death, and the plaintiff decedent was pronounced dead at 11:43 a.m. The plaintiff decedent's autopsy found the cause of death to be from acute bronchopneumonia complicating hypoalbuminemia of undetermined etiology.

70.     As a further result of the carelessness and negligence of the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants and/or employees, including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Brian Van Linda,

33

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

M.D., Sohaib Jamil, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C, the plaintiff decedent, Marisol Gonzalez, was required to expend considerable sums of money for hospitalizations, biopsies, MRI, CT scans and other imaging studies, surgery, anesthesia, medical care and treatment, and medications all to her financial loss.

72.     As a further result of the carelessness and negligence of the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants and/or employees, including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C, the plaintiff decedent, Marisol Gonzalez, experienced great physical and emotional pain and suffering prior to her death.

72.     As a further result of the carelessness and negligence of the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants and/or employees, including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C, the plaintiff decedent, Marisol Gonzalez, incurred expenses for medical care and treatment all to her financial loss prior to her death.

73.     As a further result of the carelessness and negligence of the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants and/or employees, including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Brian Van Linda, M.D., Sohaib

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

Jamil, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C, the ability of the plaintiff decedent, Marisol Gonzalez, to carry on and enjoy life's activities has been destroyed.

74.    As a further result of the carelessness and negligence of the defendant, Saint Francis Hospital and Medical Center, through its agents, apparent agents, servants and/or employees, including, but not limited to, its gastroenterologists, gastroenterology physician assistants, and registered dietitian nutritionists, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., Anthony Zaldonis, M.D. and Hoo-Ching Wong, PA-C, funeral and burial expenses were incurred on behalf of the plaintiff decedent, Marisol Gonzalez.

75.    Pursuant to Section 52-190a (b) of the Connecticut General Statutes, a Petition for Extension of Statute of Limitations was filed with the court and granted on February 18, 2021, a copy of which is attached hereto as Exhibit B.

**FOURTH COUNT: (Prime Healthcare, P.C.)**

1-67.    The plaintiffs hereby incorporate Paragraphs One through Sixty Seven of the First Count and re-allege Paragraphs One through Sixty Seven of this the Fourth Count.

68.    The fatal injuries suffered by the plaintiff decedent, Marisol Gonzalez, were caused by the failure of the defendant, Prime Healthcare, P.C., in that the defendant, Prime Healthcare, P.C., through its agents, apparent agents, servants, and/or employees, including, but not limited to, its gastroenterologists and gastroenterology physician assistants, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., and Anthony Zaldonis, M.D., and Hoo-Ching Wong, PA-C, failed to exercise reasonable care under all of the circumstances then and there present, for reasons including, but not limited to:

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

(a)     failing to diagnose and/or treat the plaintiff decedent, Marisol Gonzalez's malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions;

(b)     failing to recommend intravenous nutrition for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions;

(c)     failing to order intravenous nutrition for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions;

(d)     failing to review and/or improperly interpret the plaintiff decedent's laboratory tests and fecal test during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions;

(e)     failing to order appropriate laboratory work for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions;

(f)     failing to consider the diagnosis of a micronutrient or vitamin deficiency despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions;

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

(g)     failing to order appropriate work-up for the significant weight loss the plaintiff decedent suffered from in the last six (6) months of her life despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions;

(h)     failing to monitor the plaintiff decedent's nutrition during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions;

(i)     failing to recognize that the plaintiff decedent was not able to sustain herself with an oral diet during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions;

(j)     failing to modify the plaintiff decedent's nutrition management plan during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions;

(k)     failing to offer nutritional therapy during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions;

(l)     failing to offer vitamins and/or trace mineral supplementation and/or pancreatic enzyme supplements during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions;

(m)     failing to order and administer intravenous micronutrient therapy;

(n)     improperly discharging the plaintiff decedent from said defendant hospital despite unstable vital signs and/or no improvement in the plaintiff decedent's nutrition during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions;

(o)     failing to diagnose the plaintiff decedent with a thiamine deficiency during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions;

37

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

(p)     failing to appreciate that the plaintiff decedent's nutritional deficiencies caused an increased risk of systemic infection and a compromised immune system;

(q)     failing to promulgate, enforce, and/or follow rules, regulations, and/or protocols pertaining to nutrition management;

(r)     failing to promulgate, enforce, and/or follow rules, regulations, and/or protocols pertaining to nutrition monitoring and management for patients following bariatric surgery;

(s)     failing to co-manage the plaintiff decedent's care and treatment with the plaintiff decedent's other medical providers during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions;

(t)     failing to properly and thoroughly document in the plaintiff decedent's chart during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions;

(u)     failing to collaborate the plaintiff decedent's care and treatment with plaintiff decedent's other medical providers during the plaintiff decedent's May 2, 2019, and July 25, 2019 hospital admissions;

(v)     failing to follow-up with the plaintiff decedent on an outpatient basis;

(w)     failing to ensure that the appropriate laboratory workup was ordered and completed;

(x)     failing to treat the plaintiff decedent's pancreatic insufficiency;

(y)     failing to determine the cause of the plaintiff decedent's pancreatic insufficiency;

(z)     failing to be trained and knowledgeable as to the systemic signs and symptoms of malnutrition and micronutrient insufficiency; and

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

(aa)    failed to provide the plaintiff decedent with a continuity of medical care during the plaintiff decedent's May 2, 2019 and July 25, 2019 hospital admissions.

69.    As a result of the carelessness and negligence of the defendant, Prime Healthcare, P.C., through its agents, apparent agents, servants, and/or employees, including, but not limited to, its gastroenterologists and gastroenterology physician assistants, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., and Anthony Zaldonis, M.D., and Hoo-Ching Wong, PA-C., on or about October 6, 2019, the plaintiff, Joshua Encarnacion, found his mother, the plaintiff decedent, Marisol Gonzalez, cold to the touch sitting in a recliner chair in the corner of the living room in their home. 911 was called and at approximately 11:27 a.m., a police officer arrived and found the plaintiff decedent not breathing and cold to the touch, with pale skin and no pulse. Upon arrival of EMS staff, no resuscitation efforts were made due to obvious death, and the plaintiff decedent was pronounced dead at 11:43 a.m. The plaintiff decedent's autopsy found the cause of death to be from acute bronchopneumonia complicating hypoalbuminemia of undetermined etiology.

70.    As a further result of the carelessness and negligence of the defendant, Prime Healthcare, P.C., through its agents, apparent agents, servants, and/or employees, including, but not limited to, its gastroenterologists and gastroenterology physician assistants, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., and Anthony Zaldonis, M.D., and Hoo-Ching Wong, PA-C, the plaintiff decedent, Marisol Gonzalez, was required to expend considerable sums of money for hospitalizations, biopsies, MRI, CT scans and other imaging studies, surgery, anesthesia, medical care and treatment, and medications all to her financial loss.

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

71.     As a further result of the carelessness and negligence of the defendant, Prime Healthcare, P.C., through its agents, apparent agents, servants, and/or employees, including, but not limited to, its gastroenterologists and gastroenterology physician assistants, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., and Anthony Zaldonis, M.D., and Hoo-Ching Wong, PA-C, the plaintiff decedent, Marisol Gonzalez, experienced great physical and emotional pain and suffering prior to her death.

72.     As a further result of the carelessness and negligence of the defendant, Prime Healthcare, P.C., through its agents, apparent agents, servants, and/or employees, including, but not limited to, its gastroenterologists and gastroenterology physician assistants, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., and Anthony Zaldonis, M.D., and Hoo-Ching Wong, PA-C, the plaintiff decedent, Marisol Gonzalez, incurred expenses for medical care and treatment all to her financial loss prior to her death.

73.     As a further result of the carelessness and negligence of the defendant, Prime Healthcare, P.C., through its agents, apparent agents, servants, and/or employees, including, but not limited to, its gastroenterologists and gastroenterology physician assistants, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., and Anthony Zaldonis, M.D., and Hoo-Ching Wong, PA-C, the ability of the plaintiff decedent, Marisol Gonzalez, to carry on and enjoy life's activities has been destroyed.

74.     As a further result of the carelessness and negligence of the defendant, Prime Healthcare, P.C., through its agents, apparent agents, servants, and/or employees, including, but not limited to, its gastroenterologists and gastroenterology physician assistants, including, but not

limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., and Anthony Zaldonis, M.D., and Hoo-Ching Wong, PA-C, funeral and burial expenses were incurred on behalf of the plaintiff decedent, Marisol Gonzalez.

75.     Pursuant to Section 52-190a (b) of the Connecticut General Statutes, a Petition for Extension of Statute of Limitations was filed with the court and granted on February 18, 2021, a copy of which is attached hereto as Exhibit B.

## FIFTH COUNT: (Brian Van Linda, M.D.)

1-67.    The plaintiffs hereby incorporate Paragraphs One through Sixty Seven of the First Count and re-allege Paragraphs One through Sixty Seven of this the Fifth Count.

68.     The fatal injuries suffered by the plaintiff decedent, Marisol Gonzalez, were caused by the failure of the defendant, Brian Van Linda, M.D., in that the defendant, Brian Van Linda, M.D., failed to exercise reasonable care under all of the circumstances then and there present, for reasons including, but not limited to:

(a)     failing to diagnose and/or treat the plaintiff decedent, Marisol Gonzalez's malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

(b)     failing to follow up with the plaintiff decedent, Marisol Gonzalez, on an outpatient basis despite the signs and symptoms of malnutrition and/or malnourishment;

(c)     failing to recommend intravenous nutrition for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

     (d)     failing to order intravenous nutrition for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

     (e)     failing to review and/or properly interpret the plaintiff decedent's laboratory tests and fecal test during the plaintiff decedent's May 2, 2019 hospital admission;

     (f)     failing to order appropriate laboratory work for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

     (g)     failing to consider the diagnosis of a micronutrient or vitamin deficiency despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

     (h)     failing to diagnose that the plaintiff decedent had a thiamine deficiency requiring micronutrient supplementation;

     (i)     failing to order appropriate work-up for the significant weight loss the plaintiff decedent suffered from in the last six (6) months of her life despite signs and/or symptoms

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

(j)     failing to monitor the plaintiff decedent's nutrition during any of the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis;

(k)     failing to recognize that the plaintiff decedent was not able to sustain herself with an oral diet during the plaintiff decedent's May 2, 2019, hospital admission and/or on an outpatient basis;

(l)     failing to modify the plaintiff decedent's nutrition management plan during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis;

(m)     failing to offer nutritional therapy during any of the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

(n)     failing to order, recommend, and administer vitamins and/or trace mineral supplementation and/or pancreatic enzyme supplements during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

(o)     failing to order and administer intravenous micronutrient therapy;

(p)     improperly discharging the plaintiff decedent from said defendant hospital despite unstable vital signs and/or no improvement in the plaintiff decedent's nutrition;

(q)     failing to diagnose the plaintiff decedent with a thiamine deficiency during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

43

(r)     failing to appreciate that the plaintiff decedent's nutritional deficiencies caused an increased risk of systemic infection and a compromised immune system;

(s)     failing to promulgate, enforce, and/or follow rules, regulations, and/or protocols pertaining to nutrition management;

(t)     failing to promulgate, enforce, and/or follow rules, regulations, and/or protocols pertaining to nutrition monitoring and management for patients following bariatric surgery;

(u)     failing to co-manage the plaintiff decedent's care and treatment with the plaintiff decedent's other medical providers during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

(v)     failing to properly and thoroughly document in the plaintiff decedent's chart during the plaintiff decedent's May 2, 2019 hospital admission;

(w)     failing to collaborate the plaintiff decedent's care and treatment with plaintiff decedent's other medical providers during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission; and

(x)     failing to provide the plaintiff decedent with a continuity of medical care during and following the plaintiff decedent's May 2, 2019 hospital admission.

69.     As a result of the carelessness and negligence of the defendant, Brian Van Linda, M.D., on or about October 6, 2019, the plaintiff, Joshua Encarnacion, found his mother, the plaintiff decedent, Marisol Gonzalez, cold to the touch sitting in a recliner chair in the corner of the living room in their home. 911 was called and at approximately 11:27 a.m., a police officer arrived and found the plaintiff decedent not breathing and cold to the touch, with pale skin and

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

44

no pulse. Upon arrival of EMS staff, no resuscitation efforts were made due to obvious death, and the plaintiff decedent was pronounced dead at 11:43 a.m. The plaintiff decedent's autopsy found the cause of death to be from acute bronchopneumonia complicating hypoalbuminemia of undetermined etiology.

70.     As a further result of the carelessness and negligence of the defendant, Brian Van Linda, M.D., the plaintiff decedent, Marisol Gonzalez, was required to expend considerable sums of money for hospitalizations, biopsies, MRI, CT scans and other imaging studies, surgery, anesthesia, medical care and treatment, and medications all to her financial loss.

71.     As a further result of the carelessness and negligence of the defendant, Brian Van Linda, M.D., the plaintiff decedent, Marisol Gonzalez, experienced great physical and emotional pain and suffering prior to her death.

72.     As a further result of the carelessness and negligence of the defendant, Brian Van Linda, M.D., the plaintiff decedent, Marisol Gonzalez, incurred expenses for medical care and treatment all to her financial loss prior to her death.

73.     As a further result of the carelessness and negligence of the defendant, Brian Van Linda, M.D., the ability of the plaintiff decedent, Marisol Gonzalez, to carry on and enjoy life's activities has been destroyed.

74.     As a further result of the carelessness and negligence of the defendant, Brian Van Linda, M.D., funeral and burial expenses were incurred on behalf of the plaintiff decedent, Marisol Gonzalez.

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

75.     Pursuant to Section 52-190a (b) of the Connecticut General Statutes, a Petition for Extension of Statute of Limitations was filed with the court and granted on February 18, 2021, a copy of which is attached hereto as Exhibit B.

**SIXTH COUNT: (Sohaib Jamil, M.D.)**

1-67.     The plaintiffs hereby incorporate Paragraphs One through Sixty Seven of the First Count and re-allege Paragraphs One through Sixty Seven of this the Sixth Count.

68.     The fatal injuries suffered by the plaintiff decedent, Marisol Gonzalez, were caused by the failure of the defendant, Sohaib Jamil, M.D., in that the defendant, Sohaib Jamil, M.D., failed to exercise reasonable care under all of the circumstances then and there present, for reasons including, but not limited to:

(a)     failing to diagnose and/or treat the plaintiff decedent, Marisol Gonzalez's malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's July 25, 2019 hospital admission and/or on an outpatient basis after said admission;

(b)     failing to follow up with the plaintiff decedent, Marisol Gonzalez, on an outpatient basis despite the signs and symptoms of malnutrition and/or malnourishment;

(c)     failing to recommend intravenous nutrition for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's July 25, 2019 hospital admission and/or on an outpatient basis after said admission;

(d)     failing to order intravenous nutrition for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the

46

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

plaintiff decedent's July 25, 2019 hospital admission and/or on an outpatient basis after said admission;

     (e)     failing to review and/or properly interpret the plaintiff decedent's laboratory tests and fecal test during the plaintiff decedent's July 25, 2019 hospital admission and/or on an outpatient basis after said admission;

     (f)     failing to order appropriate laboratory work for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's July 25, 2019 hospital admission;

     (g)     failing to consider the diagnosis of a micronutrient or vitamin deficiency despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's July 25, 2019 hospital admission and/or on an outpatient basis after said admission;

     (h)     failing to diagnose that the plaintiff decedent had a thiamine deficiency requiring micronutrient supplementation;

     (i)     failing to order appropriate work-up for the significant weight loss the plaintiff decedent suffered from in the last six (6) months of her life despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's July 25, 2019 hospital admission and/or on an outpatient basis after said admission;

     (j)     failing to monitor the plaintiff decedent's nutrition during the plaintiff decedent's July 25, 2019 hospital admission and/or on an outpatient basis after said admission;

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

(k)    failing to recognize that the plaintiff decedent was not able to sustain herself with an oral diet during the plaintiff decedent's July 25, 2019 hospital admission and/or on an outpatient basis after said admission;

(l)    failing to modify the plaintiff decedent's nutrition management plan during the plaintiff decedent's July 25, 2019 hospital admission and/or on an outpatient basis after said admission;

(m)    failing to offer nutritional therapy during the plaintiff decedent's July 25, 2019 hospital admission and/or on an outpatient basis after said admission;

(n)    failing to order, recommend, and administer vitamins and/or trace mineral supplementation and/or pancreatic enzyme supplements during the plaintiff decedent's July 25, 2019 hospital admission and/or on an outpatient basis after said admission;

(o)    failing to order and administer intravenous micronutrient therapy;

(p)    improperly discharging the plaintiff decedent from said defendant hospital despite unstable vital signs and/or no improvement in the plaintiff decedent's nutrition;

(q)    failing to diagnose the plaintiff decedent with a thiamine deficiency during the plaintiff decedent's July 25, 2019 hospital admission and/or on an outpatient basis after said admission;

(r)    failing to appreciate that the plaintiff decedent's nutritional deficiencies caused an increased risk of systemic infection and a compromised immune system;

(s)    failing to promulgate, enforce, and/or follow rules, regulations, and/or protocols pertaining to nutrition management;

48

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412601

(t)     failing to promulgate, enforce, and/or follow rules, regulations, and/or protocols pertaining to nutrition monitoring and management for patients following bariatric surgery;

(u)     failing to co-manage the plaintiff decedent's care and treatment with the plaintiff decedent's other medical providers during the plaintiff decedent's July 25, 2019 hospital admission and/or on an outpatient basis after said admission;

(v)     failing to properly and thoroughly document in the plaintiff decedent's chart during the plaintiff decedent's July 25, 2019 hospital admission;

(w)     failing to collaborate the plaintiff decedent's care and treatment with plaintiff decedent's other medical providers during the plaintiff decedent's July 25, 2019 hospital admission and/or on an outpatient basis after said admission;  and

(x)     failing to provide the plaintiff decedent with a continuity of medical care during the plaintiff decedent's July 25, 2019 hospital admission.

69.     As a result of the carelessness and negligence of the defendant, Sohaib Jamil, M.D., on or about October 6, 2019, the plaintiff, Joshua Encarnacion, found his mother, the plaintiff decedent, Marisol Gonzalez, cold to the touch sitting in a recliner chair in the corner of the living room in their home. 911 was called and at approximately 11:27 a.m., a police officer arrived and found the plaintiff decedent not breathing and cold to the touch, with pale skin and no pulse. Upon arrival of EMS staff, no resuscitation efforts were made due to obvious death, and the plaintiff decedent was pronounced dead at 11:43 a.m. The plaintiff decedent's autopsy found the cause of death to be from acute bronchopneumonia complicating hypoalbuminemia of undetermined etiology.

49

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

70.   As a further result of the carelessness and negligence of the defendant, Sohaib Jamil, M.D., the plaintiff decedent, Marisol Gonzalez, was required to expend considerable sums of money for hospitalizations, biopsies, MRI, CT scans and other imaging studies, surgery, anesthesia, medical care and treatment, and medications all to her financial loss.

71.   As a further result of the carelessness and negligence of the defendant, Sohaib Jamil, M.D., the plaintiff decedent, Marisol Gonzalez, experienced great physical and emotional pain and suffering prior to her death.

72.   As a further result of the carelessness and negligence of the defendant, Sohaib Jamil, M.D., the plaintiff decedent, Marisol Gonzalez, incurred expenses for medical care and treatment all to her financial loss prior to her death.

73.   As a further result of the carelessness and negligence of the defendant, Sohaib Jamil, M.D., the ability of the plaintiff decedent, Marisol Gonzalez, to carry on and enjoy life's activities has been destroyed.

74.   As a further result of the carelessness and negligence of the defendant, Sohaib Jamil, M.D., funeral and burial expenses were incurred on behalf of the plaintiff decedent, Marisol Gonzalez.

75.   Pursuant to Section 52-190a (b) of the Connecticut General Statutes, a Petition for Extension of Statute of Limitations was filed with the court and granted on February 18, 2021, a copy of which is attached hereto as Exhibit B.

**SEVENTH COUNT: (Anthony Zaldonis, M.D.)**

1-67.   The plaintiffs hereby incorporate Paragraphs One through Sixty Seven of the First

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

Count and re-allege Paragraphs One through Sixty Seven of this the Seventh Count.

68.     The fatal injuries suffered by the plaintiff decedent, Marisol Gonzalez, were caused by the failure of the defendant, Anthony Zaldonis, M.D., in that the defendant, Anthony Zaldonis, M.D., failed to exercise reasonable care under all of the circumstances then and there present, for reasons including, but not limited to:

(a)     failing to diagnose and/or treat the plaintiff decedent, Marisol Gonzalez's malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admissions;

(b)     failing to follow up with the plaintiff decedent, Marisol Gonzalez, on an outpatient basis despite the signs and symptoms of malnutrition and/or malnourishment;

(c)     failing to recommend intravenous nutrition for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

(d)     failing to order intravenous nutrition for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

(e)     failing to review and/or properly interpret the plaintiff decedent's laboratory tests and fecal test during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

(f)      failing to order appropriate laboratory work for the plaintiff decedent despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 hospital admission;

(g)      failing to consider the diagnosis of a micronutrient or vitamin deficiency despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

(h)      failing to diagnose that the plaintiff decedent had a thiamine deficiency requiring micronutrient supplementation;

(i)      failing to order appropriate work-up for the significant weight loss the plaintiff decedent suffered from in the last six (6) months of her life despite signs and/or symptoms consistent with malnutrition and/or malnourishment, and/or malabsorption during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

(j)      failing to monitor the plaintiff decedent's nutrition during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

(k)      failing to recognize that the plaintiff decedent was not able to sustain herself with an oral diet during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

(l)      failing to modify the plaintiff decedent's nutrition management plan during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

(m)     failing to offer nutritional therapy during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

(n)     failing to order, recommend, and administer vitamins and/or trace mineral supplementation and/or pancreatic enzyme supplements during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

(o)     failing to order and administer intravenous micronutrient therapy;

(p)     improperly discharging the plaintiff decedent from said defendant hospital despite unstable vital signs and/or no improvement in the plaintiff decedent's nutrition;

(q)     failing to diagnose the plaintiff decedent with a thiamine deficiency during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

(r)     failing to appreciate that the plaintiff decedent's nutritional deficiencies caused an increased risk of systemic infection and a compromised immune system;

(s)     failing to promulgate, enforce, and/or follow rules, regulations, and/or protocols pertaining to nutrition management;

(t)     failing to promulgate, enforce, and/or follow rules, regulations, and/or protocols pertaining to nutrition monitoring and management for patients following bariatric surgery;

(u)     failing to co-manage the plaintiff decedent's care and treatment with the plaintiff decedent's other medical providers during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission;

(v)     failing to properly and thoroughly document in the plaintiff decedent's chart during the plaintiff decedent's May 2, 2019 hospital admission;

(w)     failing to collaborate the plaintiff decedent's care and treatment with plaintiff decedent's other medical providers during the plaintiff decedent's May 2, 2019 hospital admission and/or on an outpatient basis after said admission; and

(x)     failing to provide the plaintiff decedent with a continuity of medical care during the plaintiff decedent's May 2, 2019 hospital admission.

69.     As a result of the carelessness and negligence of the defendant, Anthony Zaldonis, M.D. on or about October 6, 2019, the plaintiff, Joshua Encarnacion, found his mother, the plaintiff decedent, Marisol Gonzalez, cold to the touch sitting in a recliner chair in the corner of the living room in their home. 911 was called and at approximately 11:27 a.m., a police officer arrived and found the plaintiff decedent not breathing and cold to the touch, with pale skin and no pulse. Upon arrival of EMS staff, no resuscitation efforts were made due to obvious death, and the plaintiff decedent was pronounced dead at 11:43 a.m. The plaintiff decedent's autopsy found the cause of death to be from acute bronchopneumonia complicating hypoalbuminemia of undetermined etiology.

70.     As a further result of the carelessness and negligence of the defendant, Anthony Zaldonis, M.D., the plaintiff decedent, Marisol Gonzalez, was required to expend considerable sums of money for hospitalizations, biopsies, MRI, CT scans and other imaging studies, surgery, anesthesia, medical care and treatment, and medications all to her financial loss.

71.     As a further result of the carelessness and negligence of the defendant, Anthony

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

Zaldonis, M.D., the plaintiff decedent, Marisol Gonzalez, experienced great physical and emotional pain and suffering prior to her death.

72.    As a further result of the carelessness and negligence of the defendant, Anthony Zaldonis, M.D., the plaintiff decedent, Marisol Gonzalez, incurred expenses for medical care and treatment all to her financial loss prior to her death.

73.    As a further result of the carelessness and negligence of the defendant, Anthony Zaldonis, M.D., the ability of the plaintiff decedent, Marisol Gonzalez, to carry on and enjoy life's activities has been destroyed.

74.    As a further result of the carelessness and negligence of the defendant, Anthony Zaldonis, M.D., funeral and burial expenses were incurred on behalf of the plaintiff decedent, Marisol Gonzalez.

75.    Pursuant to Section 52-190a (b) of the Connecticut General Statutes, a Petition for Extension of Statute of Limitations was filed with the court and granted on February 18, 2021, a copy of which is attached hereto as Exhibit B.

Respectfully submitted,
Solimar Betancourt and Joshua Encarnacion,
Co-Administrators of the Estate of Marisol
Gonzalez

By _____

Jennifer L. Amdur, Esq.
Berkowitz and Hanna, LLC
2 Corporate Drive
Shelton, CT 06484
Tel.: 203-324-7909 Juris #: 41280
Federal Bar No.: ct30370
jamdur@theberkowitzlawfirm.com

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

## PRAYER FOR RELIEF

**WHEREFORE,** the plaintiffs, Solimar Betancourt and Joshua Encarnacion, Co-Administrators of the Estate of Marisol Gonzalez, do hereby pray that judgment be entered in their favor and against the Defendant, United States of America, as follows:

1. Medical expenses, lost wages, permanent disability, pain and suffering, inability to engage in usual activities, emotional distress, disfigurement, mental anguish, and loss of enjoyment of life totaling $ 10,000,000.00 ;

2. Costs and attorney's fees incurred in this civil action; and

3. Such other relief as the Court deems just and proper.

**WHEREFORE,** the plaintiffs Solimar Betancourt and Joshua Encarnacion, Co-Administrators of the Estate of Marisol Gonzalez claim against the Defendants, Trinity Health of New England Corporation, Inc. d/b/a Saint Francis Hospital and Medical Center, Saint Francis Hospital and Medical Center, Prime Healthcare, P.C., Brian Van Linda, M.D., Sohaib Jamil, M.D., and Anthony Zaldonis, M.D. as follows:

1. Money damages;

2. Money damages pursuant to Connecticut General Statutes Section 52-555;

3. Costs; and

4. Such other relief as the Court deems just and proper.

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

Respectfully submitted,
Solimar Betancourt and Joshua Encarnacion,
Co-Administrators of the Estate of Marisol
Gonzalez

By _____

Jennifer L. Amdur, Esq.
Berkowitz and Hanna, LLC
2 Corporate Drive
Shelton, CT 06484
Tel.: 203-324-7909 Juris #: 41280
Federal Bar No.: ct30370
jamdur@theberkowitzlawfirm.com

57

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **SOLIMAR BETANCOURT AND JOSHUA** | : | **CIVIL ACTION NO.** |
| **ENCARNACION, CO-ADMINISTRATORS OF** | | |
| **THE ESTATE OF MARISOL GONZALEZ** | | |
| **Plaintiffs** | | |
| **V.** | : | |
| | : | |
| **UNITED STATES OF AMERICA;** | | |
| **TRINITY HEALTH OF NEW ENGLAND** | : | |
| **CORPORATION, INC. D/B/A SAINT** | | |
| **FRANCIS HOSPITAL AND MEDICAL** | | |
| **CENTER; SAINT FRANCIS HOSPITAL AND** | | |
| **MEDICAL CENTER;** | | |
| **PRIME HEALTHCARE, P.C.,** | | |
| **BRIAN VAN LINDA, M.D.; SOHAIB JAMIL, M.D.;** | | |
| **AND ANTHONY ZALDONIS, M.D.** | | |
| **Defendants** | : | **SEPTEMBER 30, 2021** |

## STATEMENT OF AMOUNT IN DEMAND

The amount of demand, exclusive of interest and costs, is in excess of Fifteen Thousand ($15,000.00) Dollars.

Respectfully submitted,
Solimar Betancourt and Joshua Encarnacion,
Co-Administrators of the Estate of Marisol
Gonzalez

By _____
Jennifer L. Amdur, Esq.
Berkowitz and Hanna, LLC
2 Corporate Drive
Shelton, CT 06484
Tel.: 203-324-7909 Juris #: 41280
Federal Bar No.: ct30370
jamdur@theberkowitzlawfirm.com

58

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **SOLIMAR BETANCOURT AND JOSHUA ENCARNACION, CO-ADMINISTRATORS OF THE ESTATE OF MARISOL GONZALEZ** | : | **CIVIL ACTION NO.** |
| **Plaintiffs** | | |
| **V.** | : | |
| | : | |
| **UNITED STATES OF AMERICA; TRINITY HEALTH OF NEW ENGLAND CORPORATION, INC. D/B/A SAINT FRANCIS HOSPITAL AND MEDICAL CENTER; SAINT FRANCIS HOSPITAL AND MEDICAL CENTER; PRIME HEALTHCARE, P.C., BRIAN VAN LINDA, M.D.; SOHAIB JAMIL, M.D.; AND ANTHONY ZALDONIS, M.D.** | : | |
| **Defendants** | : | **SEPTEMBER 30, 2021** |

## CERTIFICATE OF GOOD FAITH

I hereby certify that I have made a reasonable inquiry, as permitted by the circumstances, to determine whether there are grounds for a good faith belief that there has been negligence in the care and treatment of the plaintiff. This inquiry has given rise to a good faith belief on my part that grounds exist for an action against the defendant named herein.

_____
Jennifer L. Amdur, Esq.

**Physician's Opinion Pursuant to Connecticut General Statute Section 52-190(a)**

I am a licensed Physician Assistant, have a Master's degree in Physician Assistant Studies, and am Board Certified by the National Commission on Certification of Physician Assistants. I have worked as primary care Physician Assistant for over 20 years. Within the five-year period before the incident giving rise to these claims, I have been actively involved as a primary care Physician Assistant in a busy private practice caring for patients including, but not limited to, for wellness, primary care and urgent care needs. I am intimately familiar with the accepted standard of care that existed in 2019 for primary care Physician Assistants, including, but not limited to, screening, diagnosis, and/or treatment for malnourishment. Further, I am familiar with the standard of care for patients who present with tachycardia, upper respiratory symptoms, temperatures, and hypotension.  Lastly, I am familiar with the standard of care for patients for the diagnosis, treatment, screening and work-up for patients with pneumonia or suspected pneumonia.

At your request, I have reviewed medical records of the deceased, Marisol Gonzalez, including medical records from First Choice Health Care Centers, LLC, CT Asthma & Allergy Center, Eastern CT Cardiology Associates LLC, ECHN-Urgent Care South Windsor, Hartford Hospital, St. Francis Hospital and Medical Center, Prime Health Care, P.C., Rockville General Hospital Rehabilitation Services, Hartford Health Care Medical Group, Manchester Fire Rescue-EMS. I have also reviewed the autopsy report from the Office of the Chief Medical Examiner.

Based upon my review of the plaintiff decedent's records and reports as referenced above and my training, knowledge and experience, it is my opinion that First Choice Health Care Centers LLC through its agents, apparent agents, servants and/or employees, including, but not limited to, Francis Martin, PA, departed from the standard of care in their treatment of the plaintiff decedent, Marisol Gonzalez. Said departures include but, are not limited to, failing to diagnose and/or treat the plaintiff decedent's malnutrition and/or malnourishment; failing to refer the plaintiff decedent to the appropriate providers for work-up and follow-up of her malnutrition; failing to order appropriate work-up for the significant weight loss the plaintiff-decedent suffered from in the last six (6) months of her life; failing to order appropriate laboratory tests for the plaintiff-decedent's malnutrition; failing to co-manage the plaintiff-decedent with other specialists; failing to communicate with the supervising primary care physician regarding the plaintiff decedent's serious malnutrition and medical history; failing to order and/or recommend the plaintiff-decedent begin intravenous feedings; failing to diagnose the plaintiff decedent with a respiratory infection on or about October 2, 2019; failing to send the plaintiff's decedent to the hospital on or about October 2, 2019; failing to order an imaging study of the plaintiff decedent's lungs on or about October 2, 2019; failing to determine that the plaintiff decedent had abnormal vital signs consistent with an infection on or about October 2, 2019; failing to order antibiotics on or about October 2, 2019; failing to co-manage the plaintiff decedent's care and treatment with the plaintiff decedent's other medical providers; failing to diagnose the plaintiff-decedent with pneumonia; failing to become trained and/or knowledgeable regarding the signs and symptoms of an upper respiratory infection including, but not limited to, tachycardia,

61

hypotension, cough, and temperature; improperly sent the plaintiff home despite the

signs/symptoms of an upper respiratory infection; failing to properly and thoroughly document in

the plaintiff decedent's chart; failing to collaborate the plaintiff decedent's care and treatment

with plaintiff decedent's other medical providers; and failed to provide the plaintiff decedent

with a continuity of medical care.

The opinions stated herein are based upon the information available to me at this time. Should

other information or evidence becomes available, I reserve the right to supplement and/or amend

my opinions.

_____

**Physician's Opinion Pursuant to Connecticut General Statute Section 52-190(a)**

I am Board Certified in Internal Medicine and Board Certified in Gastroenterology by the American Board of Internal Medicine. Over the course of my career spanning over 30 years, I have maintained a large clinical Internal Medicine and Gastroenterology practice and I am currently an attending physician and Director of Nutrition in the department of Gastroenterology, Hepatology and Nutrition at a world renowned hospital. In addition, I am a Clinical Associate Professor at a regionally recognized medical school. Over the course of my career, I have diagnosed and/or treated thousands of patients with nutritional deficiencies, including patients who underwent gastric bypass procedures and who thus required close monitoring and follow up of their nutritional status to assess for malnutrition and malabsorption. I have also treated and managed patients who have had small bowel resections. Therefore, I am familiar with the standard of care that existed in 2019 in regards to Gastroenterology physicians who are board certified in Internal Medicine and Gastroenterology, including, but not limited to, the standard of care for diagnosing and treating nutritional deficiencies in patients who previously underwent gastric bypass procedures and/or small bowel resections.

At your request, I have reviewed medical records of Marisol Gonzalez, including, but not limited to, Ms. Gonzalez's records from Prime Healthcare, First Choice Health Centers, Inc., and St. Francis Hospital, including, but not limited to, all records, reports, lab studies and imaging reports. I have also reviewed the Autopsy report from the Office of the Chief Medical Examiner.

Based upon my review of the medical records, as well as my training, knowledge, and experience, it is my opinion that Saint Francis Hospital and Medical Center, through its gastrointestinal and internal medicine agents, apparent agents, servants and/or employees, including, but not limited to Brian Van Linda, M.D., Sohaib Jamil, M.D., and Anthony Zaldonis, M.D., departed from the standard of care in the treatment of the plaintiff's decedent, Marisol Gonzalez. These departures from the standard of care, include, but are not limited to, failing to diagnose and/or treat the decedent, Marisol Gonzalez's malnutrition, malnourishment, and/or malabsorption; failing to monitor the plaintiff-decedent's nutrition; failing to recognize that the plaintiff-decedent was not able to sustain herself with an oral diet; failing to modify the plaintiff-decedent's nutrition management plan; failing to offer nutritional therapy; failing to recommend and order intravenous nutrition; failing to offer vitamins and/or trace mineral supplementation and/or pancreatic enzyme supplements; improperly discharging the plaintiff decedent from St. Francis Hospital despite unstable vital signs and/or no improvement in the plaintiff-decedent's nutrition; failing to review and/or properly interpret the plaintiff-decedent's laboratory tests and fecal test; failing to order appropriate lab work; failing to consider the diagnosis of a micronutrient or vitamin deficiency; failing to diagnose the plaintiff-decedent with a thiamine deficiency; failing to appreciate that the nutritional deficiencies caused an increased risk of systemic infection and a compromised immune system; failing to appreciate the course of her high-output cardiac failure being nutritional deficiency; failing to order appropriate work-up for the significant weight loss the decedent suffered from in the last six (6) months of her life; and

failing to promulgate, enforce, and/or follow rules, regulations, and/or protocols pertaining to nutrition management.

The opinions stated herein are based upon the information available to me at this time. Should other information and/or other evidence become available, I reserve the right to supplement and/or amend my opinion as this matter proceeds.

_____

**Physician's Opinion Pursuant to Connecticut General Statute Section 52-190(a)**

I am Board Certified in Internal Medicine and Board Certified in Gastroenterology by the American Board of Internal Medicine. Over the course of my 36 year career, I have maintained a large clinical Gastroenterology practice and I am currently an attending physician and Director of Nutrition in the department of Gastroenterology, Hepatology and Nutrition at a world renowned hospital. In addition, I am a Clinical Associate Professor at a regionally recognized medical school. Over the course of my career, I have diagnosed and/or treated thousands of patients with nutritional deficiencies, including patients who underwent gastric bypass procedures and who thus required close monitoring and follow up of their nutritional status to assess for malnutrition and malabsorption. I have also treated and managed patients who have had small bowel resections. Therefore, I am familiar with the standard of care that existed in 2019 in regards to Gastroenterology physicians who are board certified in Internal Medicine and Gastroenterology, including, but not limited to, the standard of care for diagnosing and treating nutritional deficiencies in patients who previously underwent gastric bypass procedures and/or small bowel resections.

At your request, I have reviewed medical records of Marisol Gonzalez, including, but not limited to, Ms. Gonzalez's records from Prime Healthcare, First Choice Health Centers, Inc., and St. Francis Hospital, including, but not limited to, all records, reports, lab studies and imaging studies. I have also reviewed the Autopsy report from the Office of the Chief Medical Examiner.

Based upon my review of the medical records, as well as my training, knowledge, and experience, it is my opinion that Prime Healthcare, PC, through its gastrointestinal agents, apparent agents, servants and/or employees, including, but not limited to, Brian Van Linda, M.D., Sohaib Jamil, M.D., and Anthony Zaldonis, M.D., departed from the standard of care in the treatment of the plaintiff's decedent, Marisol Gonzalez. These departures from the standard of care, include, but are not limited to, failing to diagnose and/or treat the decedent, Marisol Gonzalez's malnutrition, malnourishment, and/or malabsorption; failing to monitor the plaintiff-decedent's nutrition; failing to recognize that the plaintiff-decedent was not able to sustain herself with an oral diet; failing to modify the plaintiff-decedent's nutrition management plan; failing to offer nutritional therapy; failing to recommend and order intravenous nutrition; failing to offer vitamins and/or trace mineral supplementation and/or pancreatic enzyme supplements; improperly discharging the plaintiff decedent from St. Francis Hospital despite unstable vital signs and/or no improvement in the plaintiff-decedent's nutrition; failing to review and/or properly interpret the plaintiff-decedent's laboratory tests and fecal test; failing to order appropriate lab work; failing to consider the diagnosis of a micronutrient or vitamin deficiency; failing to diagnose the plaintiff-decedent with a thiamine deficiency; failing to appreciate that the nutritional deficiencies caused an increased risk of systemic infection and a compromised immune system; failing to appreciate the course of her high-output cardiac failure being nutritional deficiency; failing to order appropriate work-up for the significant weight loss the decedent suffered from in the last six (6) months of her life; and failing to promulgate, enforce, and/or follow rules, regulations, and/or protocols pertaining to nutrition management. The

opinions stated herein are based upon the information available to me at this time. Should other information and/or other evidence become available, I reserve the right to supplement and/or amend my opinion as this matter proceeds.

_____

# EXHIBIT A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Department of Health and Human Services Office of the General Counsel, General Law Division Claims and Employment Law Branch 330 C Street, SW, Attention: CLAIMS Switzer Building, Suite 2600 Washington, DC 20201 | Solimar Betancourt, Co-Administratrix of the Estate of Maritza Gonzalez, 43 Franklin Ave, Apt. 1 N, Hartford, CT 06114 Joshua Encarnacion, Co-Administrator of the Estate of Marcos Gonzalez, 1 Thompson Rd, Apt. 1E, Manchester, CT 06040 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 9/26/1970 | Single | 1/10/19 - 10/2/19 | All visits |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

See attached summary of the claims as Exhibit A. Further, see attached expert report / physicians' opinion letter as Exhibit B.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N|A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N|A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See attached page (Exhibit C).

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Unknown at this time. | Unknown at this time. | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| 0.00 | 0.00 | 10,000,000 | 10,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Solimar Betancourt  Joshua Encarnacion | Solimar: 860-488-6786  Joshua: 860-314-1287 | 3/20/21 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction Previous Edition is not Usable  95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance?  [ ] Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  [X] No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   [ ] Yes  [X] No   | 17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N|A

19. Do you carry public liability and property damage insurance?   [ ] Yes   If yes, give name and address of insurance carrier (Number, Street, City, and Zip Code).   [X] No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A.  *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose:*  The information requested is to be used in evaluating claims.
C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

| FIDUCIARY'S PROBATE CERTIFICATE PC-450  REV. 7/15 | STATE OF CONNECTICUT |
|---|---|
| | COURT OF PROBATE |

| COURT OF PROBATE,  Greater Manchester Probate Court | DISTRICT NO. PD13 | |

| ESTATE OF/IN THE MATTER OF | DATE OF CERTIFICATE |
|---|---|
| Marisol Gonzalez   (20-0496) | February 8, 2021 |

| FIDUCIARY'S NAME AND ADDRESS | FIDUCIARY'S POSITION OF TRUST | DATE OF APPOINTMENT |
|---|---|---|
| Solimar Betancourt, 43 Franklin Avenue, Apartment 1N, Hartford, CT 06114 | Co-Administratrix | January 27, 2021 |
| Joshua Encarnacion, 1 Thompson Road, Apartment 1E, Manchester, CT 06040 | Co-Adminsitrator | January 27, 2021 |

*The undersigned hereby certifies that the fiduciary in the above-named matter has accepted appointment, is legally authorized and qualified to act as such fiduciary because the appointment is unrevoked and in full force as of the above date of certificate.*

**This certificate is valid for one year from the date of the certificate.**

*Other limitation, if any, on the above certificate:*

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of this Court on the above date of certificate.

Court Seal

Katie A. Fiegel-Rapp, Assistant Clerk

## NOT VALID WITHOUT COURT OF PROBATE SEAL IMPRESSED

# EXHIBIT A

Section 8. Basis of Claim:

The decedent, Marisol Gonzalez, presented to First Choice Health Centers, Inc. between on or about January of 2019 through on or about October of 2019 for primary care services. Between on or about January of 2019 through on or about October of 2019, Ms. Gonzalez presented to First Choice Health Centers, Inc. with signs and/or symptoms consistent with malnutrition and/or malnourishment, including, but not limited to, iron deficiency anemia, body aches, bilateral lower extremity swelling and edema, vitamin D insufficiency, weight loss and poor appetite. At all relevant times mentioned herein, First Choice Health Centers, Inc., through its agents, apparent agents, servants and/or employees, including, but not limited to, Francis Martin, PA, failed to, including, but not limited to, diagnose and/or treat the decedent, Marisol Gonzalez's malnutrition and/or malnourishment; failed to refer the decedent to the appropriate providers for work-up and follow-up of her malnutrition and/or malnourishment; failed to recommend intravenous nutrition; failed to order intravenous nutrition; failed to review and/or improperly interpret Ms. Gonzalez' laboratory tests and fecal test; failed to order appropriate lab work; failed to consider the diagnosis of a micronutrient or vitamin deficiency; and failed to order appropriate work-up for the significant weight loss the decedent suffered from in the last six (6) months of her life.

Had Ms. Gonzalez received intravenous nutrition and/or proper work-up and diagnosis of her malnutrition, her malnutrition was more likely than not treatable, and Ms. Gonzalez' other symptomatology such as her edema, iron deficiency, weight loss, hypoalbuminemia and other vitamin deficiencies would have resolved.

Additionally, on or about October 2, 2019, the decedent, Ms. Gonzalez, presented to First Choice Health Care Centers, Inc., and came under the care of its agents, apparent agents, servants and/or employees, including, but not limited to, Francis Martin, PA, with complaints of rash on back, legs and arms, coughing with white mucus, vomiting when coughing, febrile, fever, underweight, hypotensive and tachycardiac. First Choice Health Care Centers, Inc., through its agents, apparent agents, servants and/or employees, including, but not limited to, Francis Martin, PA, failed to including, but not limited to, diagnose the decedent with a respiratory infection; failed

to send the decedent to the hospital; failed to order an imaging study of the decedent's lungs; and failed to order antibiotics.

Additionally had the diagnoses and/or treatment of decedent's respiratory infection and/or pneumonia been made on or about October 2, 2019, it is more likely than not, the decedent would not have died on or about October 6, 2019 from acute bronchopneumonia. In fact, Ms. Gonzalez had a highly treatable form of pneumonia which caused her death. As such, widely available antibiotics more likely than not would have prevented her untimely death.

# EXHIBIT B

## **Physician's Opinion Pursuant to Connecticut General Statute Section 52-190(a)**

I am a licensed Physician Assistant, have a Master's degree in Physician Assistant Studies, and am Board Certified by the National Commission on Certification of Physician Assistants. I have worked as primary care Physician Assistant for over 20 years. Within the five-year period before the incident giving rise to these claims, I have been actively involved as a primary care Physician Assistant in a busy private practice caring for patients including, but not limited to, for wellness, primary care and urgent care needs. I am intimately familiar with the accepted standard of care that existed in 2019 for primary care Physician Assistants, including, but not limited to, screening, diagnosis, and/or treatment for malnourishment. Further, I am familiar with the standard of care for patients who present with tachycardia, upper respiratory symptoms, temperatures, and hypotension.  Lastly, I am familiar with the standard of care for patients for the diagnosis, treatment, screening and work-up for patients with pneumonia or suspected pneumonia.

At your request, I have reviewed medical records of the deceased, Marisol Gonzalez, including medical records from First Choice Health Care Centers, LLC, CT Asthma & Allergy Center, Eastern CT Cardiology Associates LLC, ECHN-Urgent Care South Windsor, Hartford Hospital, St. Francis Hospital and Medical Center, Prime Health Care, P.C., Rockville General Hospital Rehabilitation Services, Hartford Health Care Medical Group, Manchester Fire Rescue-EMS. I have also reviewed the autopsy report from the Office of the Chief Medical Examiner.

Based upon my review of the plaintiff decedent's records and reports as referenced above and my training, knowledge and experience, it is my opinion that First Choice Health Care Centers LLC through its agents, apparent agents, servants and/or employees, including, but not limited to, Francis Martin, PA, departed from the standard of care in their treatment of the plaintiff decedent, Marisol Gonzalez. Said departures include but, are not limited to, failing to diagnose and/or treat the plaintiff decedent's malnutrition and/or malnourishment; failing to refer the plaintiff decedent to the appropriate providers for work-up and follow-up of her malnutrition; failing to order appropriate work-up for the significant weight loss the plaintiff-decedent suffered from in the last six (6) months of her life; failing to order appropriate laboratory tests for the plaintiff-decedent's malnutrition; failing to co-manage the plaintiff-decedent with other specialists; failing to communicate with the supervising primary care physician regarding the plaintiff decedent's serious malnutrition and medical history; failing to order and/or recommend the plaintiff-decedent begin intravenous feedings; failing to diagnose the plaintiff decedent with a respiratory infection on or about October 2, 2019; failing to send the plaintiff's decedent to the hospital on or about October 2, 2019; failing to order an imaging study of the plaintiff decedent's lungs on or about October 2, 2019; failing to determine that the plaintiff decedent had abnormal vital signs consistent with an infection on or about October 2, 2019; failing to order antibiotics

2

on or about October 2, 2019; failing to co-manage the plaintiff decedent's care and treatment

with the plaintiff decedent's other medical providers; failing to diagnose the plaintiff-decedent

with pneumonia; failing to become trained and/or knowledgeable regarding the signs and

symptoms of an upper respiratory infection including, but not limited to, tachycardia,

hypotension, cough, and temperature; improperly sent the plaintiff home despite the

signs/symptoms of an upper respiratory infection; failing to properly and thoroughly document in

the plaintiff decedent's chart; failing to collaborate the plaintiff decedent's care and treatment

with plaintiff decedent's other medical providers; and failed to provide the plaintiff decedent

with a continuity of medical care.

The opinions stated herein are based upon the information available to me at this time. Should

other information or evidence becomes available, I reserve the right to supplement and/or amend

my opinions.

Physician's opinion report author's name
redacted pursuant to C.G.S. 52-109a.

3

# EXHIBIT C

<u>Section 10: State the Nature and Extent of Each Injury or Cause of Death, which forms the basis
of your claim:</u>

Wrongful death of the decedent, Marisol Gonzalez, due to medical negligence. Further, the
decedent, Marisol Gonzalez, experienced great physical and emotional pain and suffering prior
to her death on or about October 6, 2019. Additionally, Ms. Gonzalez incurred expenses for
medical care and treatment all to her financial loss prior to her death. Also, funeral and burial
expenses were incurred on behalf of the decedent, Ms. Gonzalez.

# EXHIBIT B

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

| | | |
|---|---|---|
| **SOLIMAR BETANCOURT AND JOSHUA ENCARNACION, CO-ADMISTRATORS OF THE ESTATE OF MARISOL GONZALEZ** | : | **SUPERIOR COURT** |
| | : | |
| | : | **JUDICIAL DISTRICT OF** |
| **V.** | : | |
| | : | **HARTFORD** |
| | : | |
| **TRINITY HEALTH OF NEW ENGLAND CORPORATION, INC. D/B/A SAINT FRANCIS HOSPITAL AND MEDICAL CENTER; SAINT FRANCIS HOSPITAL AND MEDICAL CENTER; HARTFORD HEALTHCARE CORPORATION D/B/A HARTFORD HOSPITAL; TRINITY HEALTH OF NEW ENGLAND WEIGHT MANAGEMENT F/K/A BARIATRIC CENTER AT SAINT FRANCIS, JON R. PIRRELLO, M.D., F.A.C.S., PRIME HEALTHCARE, P.C., BRIAN VAN LINDA, M.D., ET AL** | : | **AT HARTFORD**  **FEBRUARY 12, 2021** |

## PETITION FOR EXTENSION OF STATUTE OF LIMITATIONS

Pursuant to Connecticut General Statutes Section 52-190a (b), the plaintiffs, Solimar

Betancourt and Joshua Encarnacion, Co-Administrators of the Estate of Marisol Gonzalez,

hereby petition the Clerk of the Superior Court for the Judicial District of Hartford at Hartford, to

extend the statute of limitations for ninety (90) days to allow for reasonable inquiry into the

grounds for pursuing legal action against defendants Trinity Health of New England

Corporation, Inc. D/B/A Saint Francis Hospital and Medical Center, its agents, servants and/or

FEB 1 2021

employees, Saint Francis Hospital and Medical Center, its agents, servants and/or employees, Hartford Healthcare Corporation d/b/a Hartford Hospital, its agents, servants and/or employees, Trinity Health of New England Weight Management f/k/a Bariatric Center at Saint Francis, its agents, servants and/or employees, Jon R. Pirrello, M.D., F.A.C.S., Prime Health Care, P.C., Brian van Linda, M.D., and any other potential defendants.

This matter concerns the care and treatment rendered to the plaintiff decedent, Marisol Gonzalez.

Any action, which may be brought by the plaintiffs, Solimar Betancourt and Joshua Encarnacion, Co-Administrators of the Estate of Marisol Gonzalez, within the extended period of time against the defendants, will be filed in this Court.

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

W H E R E F O R E, the applicants/plaintiffs hereby submit this petition to obtain an automatic ninety (90) day extension of the statute of limitations.

THE PLAINTIFFS/APPLICANTS,
Solimar Betancourt and Joshua Encarnacion,
Co-Administrators of the Estate of Marisol
Gonzalez

BY: _____
Jennifer L. Amdur, Esq.
Berkowitz and Hanna LLC
2 Corporate Drive, 3rd Floor
Shelton, Connecticut 06484
Tel.: 203-324-7909 Juris #: 438109

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

BERKOWITZ AND HANNA LLC
2 CORPORATE DRIVE
THIRD FLOOR
SHELTON, CONNECTICUT 06484
(203) 324-7909
JURIS NUMBER 412801

**<u>ORDER</u>**

The foregoing motion having been heard, it is hereby GRANTED/DENIED.

BY THE COURT

*Monica Sadowski /AC*
JUDGE/CLERK